UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LANGFORD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO.  12-792-SDD-RLB** |
| **ALLSTATE INDEMNITY COMPANY, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 2, 2013.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LANGFORD, ET AL.**  CIVIL ACTION

**VERSUS**  NO. 12-792-SDD-RLB

**ALLSTATE INDEMNITY
COMPANY, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on the Plaintiffs' Motion for Remand (R. Doc. 3).  The motion is opposed (R. Doc. 8).  Based on the applicable law and analysis which follows, the Motion to Remand should be **DENIED**.

**Factual Background**

The factual background for this insurance matter is uncomplicated.  The Plaintiffs own a Deluxe Homeowner's policy (the "Policy") issued by Defendant Allstate Indemnity Company ("Allstate").  The Policy covers the Plaintiffs' home in Zachary, Louisiana (the "Insured Property") and provides: (1) $112,691 in "Dwelling" protection; (2) $11,269 in "Other Structures" protection; and (3) $78,884 in "Personal Property" protection.[1]

The Plaintiffs submitted a claim for loss resulting from a leak in their roof discovered on or around January 31, 2012.  After sending an adjuster to inspect the Insured Property, Allstate denied the claim on February 7, 2012 stating that the damage had been ongoing for at least two months, the leak resulted from wind damage at least 3-4 years old, and the Plaintiffs failed to

---

[1] Neither party has submitted a copy of the Policy for the court's review.  These coverage limits are represented by Allstate (R. Doc. 8, at 2-3).

1

make reasonable and necessary repairs to the roof.  Allstate stated that the denial was based upon the Plaintiffs' breach of their duties to provide prompt notice of loss, to mitigate against further loss, and to conduct reasonable and necessary repairs, as well as a requirement under the Policy that loss must arise from "sudden and accidental direct physical damage."

On or about November 7, 2012, the Plaintiffs filed this action in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana (R. Doc. 1-4, at 1-4 ("Petition")).  The Plaintiffs allege that Allstate breached the Policy in bad faith by refusing to pay benefits in an arbitrary and capricious manner, entitling the Plaintiffs to damages under the Louisiana bad faith statutes (Petition, ¶¶ 19-23).  The Plaintiffs also raised allegations against Charlene M. Smith, an insurance agent who helped the Plaintiffs acquire the Policy (Petition, ¶ 7).  The Plaintiffs claim that if the Insured Property is determined to have been "inadequately insured" at the time of loss, "such lack of insurance was due to the acts, negligence and misrepresentations" of Ms. Smith (Petition, ¶ 24).  The Plaintiffs further allege that Ms. Smith "was aware that [the Plaintiffs'] occupancy in the house had changed and did not properly adjust the insurance coverage when the time came to renew the Allstate Policy" (Petition, ¶ 25).  Based on these allegations, the Plaintiffs claim that "Allstate is responsible for the negligent and misrepresentations of, and damages caused by" Ms. Smith (Petition, ¶ 26).

Allstate removed the action to this court on December 19, 2012 on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441 (R. Doc. 1).  In the Notice of Remand, Allstate acknowledged that Ms. Smith is a citizen of Louisiana and her presence in the action would normally defeat complete diversity under 28 U.S.C. § 1332(a).  Allstate alleged, however, that the Plaintiffs improperly joined Ms. Smith to this matter for the purpose of avoiding diversity jurisdiction as the Plaintiffs have no reasonable basis for stating a claim against her.  Allstate

attached an affidavit executed by James Peterson, the Allstate agent currently handling the Policy, demonstrating that no changes to the Policy (other than policy renewals and intermittent underwriting department notes) had been requested by the Plaintiffs within three years of filing their suit (the "Peterson Affidavit").[2]

## Summary of the Parties' Arguments

The Plaintiffs argue that Ms. Smith is a proper party to this proceeding and has not been improperly joined. The Plaintiffs allege that they moved to a new primary residence in New Orleans at some point after the Policy was issued and notified Ms. Smith's agency of their change in primary residence, but Ms. Smith failed to update the Policy to indicate the change. The Plaintiffs allege that, had the Policy been updated by Ms. Smith, Allstate "perhaps" might not have denied coverage on the bases provided in the denial letter. The Plaintiffs further argue that the lack of anything more than a "perfunctory renewal each year" of the Policy by Ms. Smith memorializes her negligence on an annual basis, thus precluding application of La. R.S. § 9:5606(A), which requires an action brought against an insurance agent to be filed "at the latest within three years from the date of the alleged act, omission, or neglect." Based on this position, the Plaintiffs claim that Ms. Smith was properly named a party to the lawsuit and, therefore, the court must remand the action as there is not complete diversity between the parties.

Allstate argues that the Plaintiffs' claims against Ms. Smith are barred under the three year peremptive period provided in La. R.S. § 9:5606(A). Allstate argues that the Plaintiffs failed to demonstrate that they made any request for policy changes within three years of the filing of the lawsuit or that Ms. Smith took any action, or failed to take action, within three years of the filing of the lawsuit that damaged the Plaintiffs. Allstate notes that the Plaintiffs have not

---

[2] The text of the affidavit identifies the affiant as "James Ray Peterson" but the signature line references "James Ray Patterson" (R. Doc. 1-5, at 1, 3).

3

provided the date on which they allegedly requested Ms. Smith to indicate on the Policy that the Insured Property was no longer their primary residence. Allstate also argues that the Plaintiffs failed to show how Ms. Smith's alleged failure to make the requested changes would affect their coverage under the Policy. Allstate notes that the Plaintiffs have not argued that they are entitled to higher coverage limits based on their move.

## Applicable Law

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder of a non-diverse party can be proven when the removing defendant establishes that there is "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis*, 326 F.3d at 646-47. In the latter situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004).[3]

---

[3] The Court notes that the Plaintiffs address case law regarding a third basis of improper joinder termed "procedural misjoinder" or "fraudulent misjoinder." Under this basis for finding improper joinder, a diverse defendant may remove an action to federal court where that non-diverse defendant has "no real connection with the controversy," and the misjoinder was egregious, even if the plaintiff alleged a viable cause of action against the non-diverse defendant. *See Raudlauer v. Great Northern Ins. Co.*, 2006 WL 1560791, at *5 (E.D. La. May 16, 2006) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996)). Allstate has not raised misjoinder as the basis for its removal; instead, Allstate argues that Ms. Smith, the non-diverse defendant, was improperly joined because the Plaintiffs cannot possibly recover against her under Louisiana law. Without commenting on whether misjoinder is a valid theory of removal, the court will analyze Allstate's improper joinder arguments through the standards outlined by the Fifth Circuit.

Generally, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. However, where the plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder" the district court may "pierce the pleadings and conduct a summary inquiry." *Id*. The court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiffs. *Travis*, 326 F.3d at 649. If the court concludes that the plaintiffs have any "possibility of recovery" against the party whose joinder is questioned" then joinder is proper and the case must be remanded for lack of subject matter jurisdiction. *Id*.

The Louisiana Supreme Court has held that an insurance agent owes a duty of "reasonable diligence" to his customer, which is fulfilled when the agent procures the requested insurance. *Isidore Newman School v. J. Everett Eaves, Inc.*, 42 So.3d 352, 356 (La. 2010) (citing *Roger v. Dufrene*, 613 So.2d 947, 949 (La. 1993) and *Karam v. St. Paul Fire & Marine Insurance Co*., 281 So.2d 728, 730-31 (La. 1973)). An insured has a valid claim against the agent when the insured demonstrates that: "1) the insurance agent agreed to procure the insurance; 2) the agent failed to use 'reasonable diligence' in attempting to procure the insurance and failed to notify the client promptly that the agent did not obtain insurance and 3) the agent acted in such a way that the client could assume he was insured." *Isidore Newman School*, 42 So.3d at 356-57 (citing *Kamram*, 281 So.2d at 730-31).

Although claims against insurance agents are viable in Louisiana, they are subject to a one year peremptive period from the date of discovery of the alleged act, omission, or neglect, and a three-year peremptive period from the date of the alleged act, omission, or neglect:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise,

5

> arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

La. R.S. § 9:5606(A). Claims of fraud are exempted from these peremptive periods. La. R.S. § 9:5606(C).

## Analysis

The Plaintiffs do not dispute that the amount in controversy exceeds $75,000.[4] The only issue before the court, therefore, is whether Ms. Smith was improperly joined to this matter to defeat diversity jurisdiction.

A review of the allegations in the Petition and the record at the time of removal demonstrates that the Plaintiffs have not alleged a valid claim against Ms. Smith. In the Petition, the Plaintiffs raise the following allegations against Ms. Smith:

> 24.   In the alternative, and in the event that [the Insured Property] was inadequately insured, such lack of insurance was due to the acts, negligence and misrepresentations of Defendant Smith.

---

[4] The Plaintiffs specifically represent that they do not dispute that the amount in controversy exceeds the jurisdictional amount (R. Doc. 3-1, at 2). It is unclear from the Petition whether the Plaintiffs' are seeking the full limits of coverage under the Policy, which exceed the jurisdictional amount of $75,000. The Plaintiffs allege "severe damage throughout the property, including the contents" and also seek damage for "mental anguish, inconvenience, suffering and distress" as well as attorneys' fees. That the Plaintiffs are seeking penalties and attorney's fees under La. R.S. § 22:658 (currently designated La. R.S. § 22:1892) and La. R .S. § 22:1220 (currently designated La. R.S. § 22:1973) supports a finding that the jurisdictional amount has been exceeded. *See Fortier v. State Farm Fire & Cas. Co.*, 2007 WL 678990, at *2 (E.D. La. Feb. 28, 2007). Furthermore, in addition to not challenging the jurisdictional amount, the Plaintiffs refused to sign a pre-removal stipulation that the value of their claims do not exceed the jurisdictional amount, which is a factor suggesting that the jurisdictional amount has been met. *See Reid v. Delta Gas, Inc.*, 837 F. Supp. 751, 752 (M.D. La. 1993).

> 25.     Defendant Smith was aware that [the Plaintiffs'] occupancy in the house had changed and did not properly adjust the insurance coverage when the time came to renew the Allstate Policy.

(Petition, ¶¶ 24, 25). The Plaintiffs argue that Allstate "perhaps" would not have denied their claims on the basis of the "alleged untimely discovery of the roof damage" had Ms. Smith updated the Policy to reflect that the Insured Property was no longer their primary residence. Implicit in the Plaintiffs' argument is that such a change in the Policy would result either in (1) nullifying the Policy provisions on which Allstate denied the Plaintiffs' claim or (2) provide a factual basis on which Allstate would have decided not to deny the Plaintiffs' claim based on those provisions.

The Plaintiffs do not reference any Policy provisions or other evidence in support of this argument. Likewise, the Plaintiffs do not reference any request to implement a change in the Policy that would have the effects they allege. The only evidence the Plaintiffs submitted into the record was a copy of the February 7, 2012, denial letter. In that denial letter, Allstate provided as the bases for denying the claim the Plaintiffs' breach of their duties to promptly give notice of the claim, to protect the property from further loss, and to make reasonable and necessary repairs, as well as a requirement in the Policy that the loss must arise from "sudden and accidental direct physical damage":

> We have carefully examined the circumstances surrounding this loss and believe, at this time, we have sufficient information to make a decision regarding your claim.
>
> We have found that there is no coverage available for the loss that occurred on January 31, 2012. As a result, we will not be able to make any payment for the following reasons: You breached duty or duties required in your deluxe homeowners policy. The following are some of the duties required by your policy:
>
> "3. What You Must Do After A Loss
> In the event of a loss to any property that may be covered by this policy, you must:
> a) promptly give us or our agent notice. [. . .]

7

> b) protect the property from further loss.  Make any reasonable repairs necessary to protect it.  Keep an accurate record of any repair expenses."
>
> Also, for coverage to apply, there must be <u>sudden and accidental direct physical damage</u> to your property.
>
> Allstate concludes that the damage is ongoing for at least 2 months and thus does not meet the sudden and accidental standard.  Allstate also submits that the wind damage to the rear slope of your home is old (probably 3-4 years old) as evidenced by the weathered felt paper and rusted roofing nails. The failure to make reasonable and necessary repairs to the roof is the primary reason for the leakage.
>
> The above policy provisions provide the primary basis for the denial of your claim.  However, Allstate reserve all rights under the policy as well as local, State and Federal law.

(R. Doc. 3-2) (emphasis in original).  Notably absent from this denial letter is any mention that Allstate's denial of the Plaintiffs' claim was based upon a failure to update the Policy to reflect the Insured Property's status as a secondary residence.  The Plaintiffs merely speculate that Allstate "perhaps" would not have denied their claims had Ms. Smith updated the Policy as they allegedly requested.

Allstate's primary argument that Ms. Smith was improperly joined is based upon the three-year peremptive period under La. R.S. § 9:5606(A).  The Defendants provide evidence that Ms. Smith was no longer the operative insurance agent by June 1, 2011 (Rec. Doc. 1-5, at 1).  The Defendants also provide evidence that no occupancy changes had been made within the three years preceding the filing of the lawsuit on November 7, 2012 (R. Doc. 1-5, at 2-3).  The court notes, however, that since the alleged act of negligence really consisted of an alleged omission, such a failure to act would not be reflected in Allstate's underwriting files.  Despite the evidence put forth by the Defendants, the Plaintiffs have not provided the date on which they allegedly informed Ms. Smith of their move to New Orleans and desire to update the Policy.

8

Without that information, the court cannot determine whether the three-year peremptive period under La. R.S. § 9:5606(A) bars the Plaintiffs' claim against Ms. Smith.[5]

The court need not determine whether Allstate has met its burden in establishing that the peremptive period bars the Plaintiffs' claims. Even if the Plaintiffs' claims against Ms. Smith are not barred by the peremptive period, the Plaintiffs' claims against Ms. Smith fail for the more basic reason that they have not raised facts under which Ms. Smith breached a duty owed to them under Louisiana law. More specifically, the Plaintiffs have not shown they requested specific insurance coverage that was not ultimately obtained by Ms. Smith. Even though Ms. Smith had a duty of "reasonable diligence" to advise the Plaintiffs with regard to procuring coverage, she is not liable under Louisiana law unless she did not actually obtain coverage, failed to disclose that fact to the client, and the client assumed that he or she was insured. The Plaintiffs do not allege that Ms. Smith failed to procure the insurance coverage requested and, therefore, fail to raise a viable claim against Ms. Smith.[6]

---

[5] Allstate first raised this issue of the three-year peremptive period under La. R.S. § 9:5606(A) in their notice of removal filed on December 19, 2012 and noted in its opposition to the Plaintiffs' motion filed on March 13, 2013 that the Plaintiffs have not provided the date on which they allegedly informed Ms. Smith to update the Policy with regard to their new primary residence in New Orleans. The Plaintiffs have not submitted an affidavit or any other evidence providing that Ms. Smith's alleged failure to act occurred within the three year peremptive period.

[6] *See Isidore Newman School*, 42 So.3d at 357 ("The federal district courts have also considered an agent's duty to his client and determined that an agent has no duty to independently assess the needs of the insured and recommend coverage; instead, the insured is responsible for communicating his insurance needs, and reading the policy of insurance, upon receipt."); *see also Rowland v. State Farm Fire & Cas. Co.*, 2007 WL 3231665, at *3 (W.D. La. Oct. 30, 2007) ("Louisiana case law does not place a duty on insurance agents to insure homes for more than their clients represent they are worth based on the notion that the insurance agent should have known that the owners undervalued their own property."); *Fortier v. State Farm Fire & Cas. Co.*, 2007 WL 678990, at *2 (E.D. La. Feb. 28, 2007) ("Louisiana law does not impose a duty on an insurance agent to counsel an insured on policy limits.").

9

Apart from the Plaintiffs' arguments in support of their motion for remand (which are unsupported by sworn affidavits), the record is devoid of evidence showing that they requested Ms. Smith to make any changes to the Policy with regard to their primary residence and how such a change would alter the Plaintiffs' coverage limits.  More importantly, the court cannot see how the Plaintiffs could recover against Ms. Smith even if she agreed to inform Allstate that the Plaintiffs' primary address had changed and within three years of the filing of the lawsuit.  Allstate denied the Plaintiffs' claims on the bases that the Plaintiffs' breached their duties under the Policy to promptly give notice of the claim, to protect the property from further loss, to make reasonable and necessary repairs, as well as a requirement that the loss must arise from "sudden and accidental direct physical damage."  The Plaintiffs have not provided any evidence that Allstate denied their claim based upon the failure of Ms. Smith to update the Policy with regard to the Insured Property's status as a secondary residence or that Allstate would have decided not to deny their claims had such a change in status been made.

Moreover, the Plaintiffs' allegations against Ms. Smith are contingent upon a finding that the Insured Property was "inadequately insured."  Allstate did not deny the Plaintiffs' claims based on inadequate coverage or on the basis that the Policy was somehow void because the status of Insured Property as a secondary residence was not made.  Instead, Allstate denied coverage based upon provisions within the Policy governing the Plaintiffs' duties with regard to notice, mitigation, and repairs, as well as a provision governing the manner in which the loss must arise.  Furthermore, the Peterson Affidavit provides that the Plaintiffs' application for coverage requested (1) $93,691 in "Dwelling" protection; (2) $9,369 in "Other Structures" protection; and (3) $65,584 in "Personal Property" protection (R. Doc. 1-5, at 1, 5).  The current coverage levels in the Policy exceed those amounts: (1) $112,691 in "Dwelling" protection; (2)

10

$11,269 in "Other Structures" protection; and (3) $78,884 in "Personal Property" protection (R. Doc. 8, at 2-3).  The Plaintiffs do not allege or otherwise provide any evidence that Allstate issued the Policy for less than they requested or would have raised the policy limits had Ms. Smith reported to them that the Plaintiffs moved to a new primary residence in New Orleans.

After carefully examining the facts submitted to the court in the light most favorable to the plaintiff, the court must conclude that there is no possibility that the plaintiffs might prevail against Ms. Smith.  Accordingly, Ms. Smith was improperly joined as a non-diverse defendant and the court has subject-matter jurisdiction over this proceeding.

## RECOMMENDATION

**IT IS RECOMMENDED** that the motion to remand (R. Doc. 3) should be **DENIED.**

Signed in Baton Rouge, Louisiana, on August 2, 2013.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**